**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 13, 2005
Decided September 13, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 05-2362 & 05-2417

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Western District of Wisconsin |
| v. | No. 04-CR-191-S |
| JOHNNIE STEWART and JONATHAN ATKINS, *Defendants-Appellants*. | John C. Shabaz, *Judge.* |

**O R D E R**

Johnnie Stewart and Jonathan Atkins pleaded guilty to distributing cocaine base, 21 U.S.C. § 841(a)(1), and each was sentenced to 300 months' imprisonment and five years' supervised release.  Though both appealed, their lawyers assert that there are no nonfrivolous issues to address and seek permission to withdraw.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Stewart and Atkins to respond to their lawyers' contentions with any point that might be argued on appeal, *see* Cir. R. 51(b), but only Atkins did.

Limiting our review to the questions raised by counsel and, in Atkins' case, his response, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002), we agree that there are no nonfrivolous issues.  Since neither appellant wishes to

withdraw his guilty plea, their attorneys properly focus exclusively on potential issues of sentencing. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). And counsel for both Stewart and Atkins represent that neither appellant could plausibly maintain that any error infects his sentence. As the lawyers explain, the sentences were imposed after the decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the judge considered the factors enumerated in 18 U.S.C. § 3553(a) and the advisory guidelines. The lawyers are right that this procedure is correct. *See United States v. Dean*, 414 F.3d 725, 728–30 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 472–73 (7th Cir. 2005). What's more, the lawyers explain that the judge sentenced each defendant to the middle of the correctly calculated advisory range, which is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). They cannot identify any factor to rebut that presumption.

For his part, Atkins thinks that he could argue the court miscalculated the advisory range. As he explains, the court sentenced him as a "career offender" within the meaning of U.S.S.G. § 4B1.1(a) because he was over eighteen, his crime was a "controlled substance offense," and he had five prior convictions for controlled substance offenses. Noting that a career offender under § 4B1.1(a) must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense," Atkins suggests that two of the five prior convictions on which the district court based its conclusion did not meet the definition of "controlled substance offense," *see id.* § 4B1.2(b). But this potential argument is waived: Atkins objected on this basis in the district court but explicitly withdrew the objection. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). Waiver aside, making this argument would be frivolous since the other three felony convictions for controlled substance offenses would still support the court's finding, which requires only two. *See* U.S.S.G. § 4B1.1(a); *see, e.g.*, *United States v. Graves*, No. 04-3720, 2005 WL 1924198, at *3–5 (7th Cir. Aug. 12, 2005).

Because pursuing the issues identified would be frivolous, we GRANT both motions to withdraw and DISMISS the appeals.